**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GARY TRUJILLO, | Case No. 1:24-cv-00464 JLT SKO |
| Plaintiff, | ORDER GRANTING MOTION FOR SUMMARY JUDGMENT |
| v. | (Doc. 16) |
| FORD MOTOR COMPANY, et al., | |
| Defendants. | |

Gary Trujillo is pursuing several warranty claims against Defendant Ford Motor Company based on his allegation that his Ford truck had serious, persistent engine problems since the time it was new.  Ford moves for summary judgment based on the statute of limitations.  (Doc. 16.) For the reasons below, its motion is **GRANTED**.

**UNDISPUTED FACTS**

The Court begins by addressing some evidentiary objections.  As this district's local rules require, Ford filed a statement of undisputed facts in support of its motion.  (*See* Doc. 16-5); L.R. 260(a).  Trujillo did not admit in response to Ford's statement that any facts are undisputed, and he did not cite "particular portions" of the record to show that any particular fact is disputed.  *See* L.R. 260(b).  Instead, with one exception discussed below, he objected to each listed fact based on "relevance" and "prejudice."  (*See* Doc. 17-2.)  These objections are overruled.  Summary judgment motions test whether there are any "genuine disputes as to any material fact."  Fed. R.

1

Civ. P. 56(a). By definition, if a fact is material, it is relevant. *See, e.g.*, *Burch v. Regents of the Univ. of Cal.*, 433 F. Supp. 2d 1110, 1119–20 (E.D. Cal. 2006). Prejudice objections are simply "unnecessary." *Ward v. Crow Vote LLC*, 634 F. Supp. 3d 800, 808 (C.D. Cal. 2022). "[T]here is no jury that can be misled and no danger of confusing the issues." *Id.*

The exception—the only entry in Ford's separate statement that prompted an objection other than relevance and prejudice—is number three on its list. (*See* Doc. 17-2 at 3.) In that entry, Ford contends it is undisputed the "engine and engine components" of Trujillo's truck were covered by a limited warranty. (*Id.*) Trujillo does not argue otherwise. Just the opposite: he has alleged from the beginning that he "entered into a warranty contract" with Ford. (Doc. 1-5 at 9.) He nevertheless objects to Ford's proposed fact based on "hearsay," the "best evidence rule," and the rule of "completeness." (Doc. 17-2 at 3.) These objections are plainly meritless, at least in part, most importantly because Ford filed a copy of the full written warranty. (*See* Doc. 16-3 at 27–68.) The Court cannot otherwise discern the basis of Trujillo's objections and will not "attempt to fill in the legal arguments and citations" that he omitted. *City of Lincoln v. County of Placer*, 668 F. Supp. 3d 1079, 1087 (E.D. Cal. 2023).

There are accordingly no genuine disputes as to the material facts. If this case went to trial, the following would be undisputed.

Trujillo bought a new Ford F-250 truck from an authorized dealer in April 2018. (Doc. 17-2 at 2.) Within a month, the truck had begun stalling unexpectedly, including once while Trujillo was leaving a parking lot and merging into oncoming traffic. (*See id.* at 3–6.) When the problem occurred, the "check engine" light would come on, and the truck would stall and stop. (*See id.* at 16–17.) Trujillo saw this as a safety issue and brought the truck into the dealership for a repair. (*See id.* at 3, 8–9.)

The problem persisted after the repair. (*See id.* at 10.) He brought the truck into the dealership again the next month, again for safety reasons, based on the same issue. (*Id.*) By this point, he had begun to worry that the truck was unsafe. (*Id.* at 11–12.) In his words, he was "definitely afraid to use" it." (*Id.* at 11–12.)

His third visit to the dealership was only a little more than a week after the second. (*See*

2

*id.* at 13.)  Again he felt it was becoming unsafe to drive, to the point that he had begun to worry about taking his grandchildren anywhere in it.  (*See id.* at 14–15.)  He was "barely" using it.  (*Id.* at 15.)

He brought the truck in again for a fourth repair attempt in July.  (*Id.* at 16.)  It was the same problem as before: the truck was losing power and the "check engine" light was coming on.  (*Id.* at 16–17.)  He was trying not to use the truck at all and thought it was "dangerous to drive." (*Id.* at 18–19.)  The problem was so concerning, in fact, that he had decided to sign up for a credit card that offered compensation for towing services, and he had retained an attorney.  (*Id.* at 19.)

The stalling and stopping issue was never resolved.  As he testified in his deposition, "It was pretty much always the same problem."  (*See id.* at 17.)  He ultimately filed this lawsuit in state court in May 2023.  (*See* Doc. 1-5 at 7.)  He asserts claims under the Song-Beverly Consumer Warranty Act for breach of express and implied warranties.  (*Id.* at 11–16.)  Ford removed the case to this court.  (Doc. 1.)  It now seeks summary judgment based on the statute of limitations.  (Doc. 16.)  Briefing is complete, and the Court determined that no hearing was necessary.  (*See* Docs. 17, 19, 21.)

### STANDARD OF DECISION

Federal Rule of Civil Procedure 56 gives district courts authority to grant summary judgment to a party who shows both "that there is no genuine dispute as to any material fact" and that it "is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Material facts are those that may affect the outcome of the case.  *Nat'l Ass'n of Optometrists & Opticians v. Harris*, 682 F.3d 1144, 1147 (9th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248.  The court views the record in the light most favorable to the nonmoving party and draws reasonable inferences in that party's favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

A statute of limitations creates an affirmative defense that a defendant must plead and ultimately prove if the case goes to trial.  *See Cal. Sansome Co. v. U.S. Gypsum*, 55 F.3d 1402,

3

1406 (9th Cir. 1995); *In re MyFord Touch Consumer Litig.*, 46 F. Supp. 3d 936, 961 (N.D. Cal. 2014). This is "normally a question of fact." *E-Fab, Inc. v. Accts., Inc. Servs.*, 153 Cal. App. 4th 1308, 1320 (2007) (quoting *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 810 (2005)). A defendant moving for summary judgment under the statute of limitations must therefore demonstrate beyond any reasonable dispute that the limitations period expired before the complaint was filed. *See Galvez v. Ford Motor Co.*, No. 17-02250, 2018 WL 4700001, at *3 (E.D. Cal. Sept. 30, 2018). By contrast, it is the plaintiff's burden to show that an otherwise expired limitations period was tolled, so at summary judgment, it is up to the plaintiff to cite evidence that could support tolling theory at trial. *See id.* at *4.

**DISCUSSION**

Warranty claims under the Song-Beverly Act are subject to a four-year statute of limitations. *Mexia v. Rinker Boat Co.*, 174 Cal. App. 4th 1297, 1306 (2009). The four-year period for an implied warranty claim normally begins to run "at the time of delivery." *Mendoza v. Midea Microwave & Elec. Appliances Mfg. Co.*, No. 20-01133, 2023 WL 8358208, at *6 (E.D. Cal. Dec. 1, 2023) (quoting *Matray v. Ford Motor Co.*, No. 11-7767, 2011 WL 13221015, at *2 (C.D. Cal. Nov. 9, 2011)). The four-year period on an express warranty claim begins to run when the plaintiff actually discovered or should have discovered the alleged breach. *Smothers v. BMW of N. Am., LLC*, No. 18-1391, 2019 WL 2270406, at *2 (S.D. Cal. May 28, 2019), *aff'd*, 813 F. App'x 291 (9th Cir. 2020). When interpreting these accrual rules, California courts have written that plaintiffs must "conduct a reasonable investigation after becoming aware of an injury, and are charged with knowledge of the information that would have been revealed by such an investigation." *Id.* at *3 (quoting *Fox*, 35 Cal. 4th at 808). The deadline for Trujillo to bring claims under the Song-Beverly Act was thus "four years from the date he discovered, or should have discovered, the [truck] was not performing properly," if not sooner. *Id.* (other alterations omitted) (quoting *Mills v. Forestex Co.*, 108 Cal. App. 4th 625, 642 (2003)).

A reasonable person in Trujillo's position would have known by the time of the fourth unsuccessful repair (in the summer of 2018) that the truck was not performing properly. It was brand new, but the "check engine" light had persistently come on, and it often stalled or lost

power.  The problem was so bad that Trujillo avoided using the truck, worried it was unsafe for himself and his grandchildren, updated his credit card to cover towing costs, and retained an attorney.

Federal district courts in California have often decided that car owners in similar situations knew or should have known that they had a potential claim under the Song-Beverly Act, and thus that the four-year limitations period had started to tick down toward zero.  *See, e.g.*, *Vanella v. Ford Motor Co.*, No. 19-07956, 2020 WL 887975, at *5 (N.D. Cal. Feb. 24, 2020) (citing "repeated illumination of the check engine light" and "defects causing the transmission not to accelerate," among others problems); *Finney v. Ford Motor Co.*, 2019 WL 79033, at *3 (N.D. Cal. Jan. 2, 2019) (citing repeated repair attempts, stalling, a check engine light, and similar problems); *Galvez*, 2018 WL 4700001, at *4–5 (citing three repair attempts, persistent "check engine" light, and safety concerns).  The cases Trujillo cites to argue otherwise did not involve the types of persistent, obvious, and potentially dangerous problems like those he experienced, so they do not support his position.  *See Hammond v. BMW of N. Am., LLC*, No. 18-226, 2019 WL 2912232, at *4 (C.D. Cal. June 26, 2019) (citing two visits in response to a low oil warning light, without any other signs of excessive oil consumption); *Thompson v. BMW of N. Am., LLC*, No. 17-01912, 2019 WL 988694, at *4 (C.D. Cal. Jan. 10, 2019) (citing three visits to the dealership to replace or change the oil).

Trujillo also contends that he could not have known that he had a potential claim until years later, after the warranty had expired.  (*See* Doc. 17 at 13–15.)  He argues that he could not have known whether Ford's repair attempts would ultimately fail, and thus that he had a legal claim against Ford, until the defect had persisted all the way through the warranty.  *See id.* at 14. He relies on the Court of Appeal's decision in *Donlen v. Ford Motor Co.* to support this theory. (*See id.* (citing 217 Cal. App. 4th 138, 148–49 (2013)).)  The Court of Appeal did not hold in *Donlen* that a warranty claim first accrues after the warranty expires, and no other court appears to have interpreted the Court of Appeal's opinion in *Donlen* as establishing such a rule.  In the portion of the opinion that Trujillo cites, the Court of Appeal held that "[p]ostwarranty repair evidence may be admitted on a case-by-case basis where it is relevant to showing the vehicle was

not repaired to conform to the warranty during the warranty's existence." 217 Cal. App. 4th at 149. This holding implies that Trujillo could potentially rely on evidence about post-warranty repair attempts to show the truck had problems during the warranty period. It does not imply that an unsuccessful post-warranty repair attempt would refute Ford's arguments about the statute of limitations. No matter how much longer the problem persisted after it first arose in the summer of 2018, Trujillo still knew (or should have known) that his brand new truck was stalling despite multiple repair attempts.

Trujillo filed this case in 2023, more than four years after 2018, so he cannot prevail at trial unless he demonstrates that the limitations period was tolled or otherwise should not be enforced against him. Trujillo alleges in his complaint that the limitations period was tolled (Doc. 1-5 at 11) but he does not cite evidence to support these allegations in opposition to Ford's motion. He appears instead to have abandoned his tolling allegations. In any event, the Court has identified no evidence in the record that Trujillo could rely on at trial to show that Ford lulled him into a false sense of security (such that it should now be estopped from relying on the statute of limitations), or that Ford deceptively caused Trujillo's claims to grow stale (such that he could rely on the fraudulent concealment doctrine). *See Galvez*, 2018 WL 4700001, at *4, 5–6.

<strong>CONCLUSION</strong>

Defendant's motion for summary judgment (Doc. 16) is **GRANTED**. The Clerk's Office is directed to close the case and enter judgment for defendant.

IT IS SO ORDERED.

Dated:   **April 30, 2026**

_Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE